IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT RAMIREZ**, | : | CIVIL ACTION NO. 1:22-CV-651 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **KEVIN RANSOM**, *et al.*, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2254, in which *pro se* petitioner Robert Ramirez, who is currently incarcerated in the State Correctional Institution-Dallas ("SCI-Dallas"), asserts that his criminal conviction and sentence have been discharged by order of the United States Bankruptcy Court for the Middle District of Pennsylvania. We will summarily dismiss the petition because the discharge order issued by the bankruptcy court does not affect Ramirez's criminal conviction or sentence.

## I.     Factual Background & Procedural History

On June 20, 2000, Ramirez was convicted of first-degree murder, robbery, aggravated assault, criminal conspiracy, violation of Pennsylvania's Uniform Firearms Act, and possession of an instrument of crime following a jury trial in the Philadelphia County Court of Common Pleas. See Ramirez v. Giroux, No. 1898 EDA 2015, 2016 WL 3223591, at *1 (Pa. Super. Ct. June 10, 2016). He was sentenced to a term of life in prison plus 10-20 years. Id. Ramirez appealed, but his conviction was upheld by the Pennsylvania Superior Court and the Pennsylvania Supreme

Court.  Id.  He then filed collateral challenges to his conviction in Pennsylvania state court through two petitions under Pennsylvania's Post-Conviction Relief Act and one petition for writ of habeas corpus.  Id.  All three petitions were denied, and the denials were upheld on appeal.  See id.; Ramirez v. Giroux, 159 A.3d 937 (Pa. 2016) (denying petition for allowance of appeal).  Ramirez subsequently petitioned for federal habeas corpus relief in the United States District Court for the Eastern District of Pennsylvania.  Ramirez v. Maholly, No. 17-CV-1027, 2018 WL 5316024, at *1 (E.D. Pa. Aug. 21, 2018), *report and recommendation adopted*, No. 17-1027, 2018 WL 5313473, at *1 (E.D. Pa. Oct. 26, 2018).  The court denied the petition.  Id.

Ramirez filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Middle District of Pennsylvania on August 18, 2021.  See In re Ramirez, No. 5:21-BK-1822 (M.D. Pa. Bankr. filed Aug. 18, 2021).  The bankruptcy court issued a discharge to Ramirez under 11 U.S.C. § 727 on December 15, 2021.  See id. at Doc. 33.

Ramirez filed the instant petition with the United States Court of Appeals for the Third Circuit on April 29, 2022.  (See Doc. 1).  That court transferred the matter to this district on May 3, 2022.  (Id.)  Ramirez asserts that he should be released from prison because of the bankruptcy court's discharge order.  (Doc. 1-1 at 10-13).  He also seeks damages and declaratory relief.  (Id.)

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain

from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

### III. Discussion

Ramirez is plainly not entitled to habeas corpus relief. Bankruptcy discharges issued under 11 U.S.C. § 727 do not affect the validity of criminal judgments or sentences. See Kelly v. Robinson, 479 U.S. 36, 50 (1986) (noting established rule that bankruptcy courts cannot discharge criminal judgments and holding that 11 U.S.C. § 523(a)(7) "preserves from discharge any condition a state criminal court imposes as part of a criminal sentence").

### IV. Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus with prejudice. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   June 3, 2022